Josɛ́ A. Rexach, Plaintiff and Appellee, *v.* Fɛ́lix Benɪ́tez-Rexach et al., Defendants and Appellants.

No. 4277.  Argued January 30, 1928.—Decided February 24, 1928.

*Guerra Mondragón & Soldevila* for the appellants.  *J. H. Brown* and *Clemente Ruiz* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The record of this appeal was filed in the office of the secretary of the Supreme Court on May 27, 1927.  On the 6th of the following June a motion was made for an extension of twenty days for filing the brief and it was granted, the legal period being extended to June 21, 1927.

At this stage, on January 23, 1928, or six months after the expiration of the period, the appellee moved for dismissal of the appeal because the brief had not been presented.

The appellants filed a verified motion in opposition alleging that before the expiration of the period their attorney Soldevila spoke to the attorney for the appellee, Ruiz Nazario, and they agreed between them that as attorney Guerra had charge of the presentation of the brief for the appellants and he was very busy with public and professional matters, he should be given more time for preparing the said brief, it being stipulated "that if the filing of the document be delayed longer than was considered reasonable by the attorney for the appellee he would not move for dismissal without giving reasonable notice of such intention." This

he did not do, the first notice received by the appellants being the filing of the motion to dismiss. The motion in opposition made on January 30, 1928, was accompanied by the brief of the appellants.

The appellee presented a verified answer to the motion in opposition. He admitted therein that one of his attorneys, Ruiz Nazario, agreed with one of the attorneys for the appellants, Soldevila, that the appellants should be given a few days more for filing their brief, but denied that that agreement was made because attorney Guerra had charge of the preparation of the brief and was busy with public and professional matters, and also denied that he had stipulated that if the filing should be delayed for a longer time than what he considered reasonable, he would not move to dismiss without giving previous notice to the appellants. He contends that the extension verbally agreed upon was to be not more than two weeks. He admits that the first notice given was by making the motion to dismiss, but insists that he did not agree to give such previous notice.

Both parties argued orally at the hearing in support of their respective positions and the case was then submitted to our consideration and determination.

What occurred shows the risk taken in making verbal agreements, especially those that involve different matters. Leaving aside cases of bad faith and considering only those of good faith, experience shows how difficult it is to remember all of the details.

This is a case of periods fixed by the rules of the court and it is the province of the court to extend them when sufficient reasons therefor are shown. The stipulation not only should have been made in writing, but also it should have been submitted to the court.

We are hesitant about the resolution that we should adopt because it has been always the tendency of this court

to do everything possible so that appeals may be decided on their merits; but we must not forget that good administration of justice requires rules of procedure and that such rules should be complied with. Otherwise, trusting that in the end the court would hear their case, the parties would disregard compliance with the rule.

If it were a matter of a delay of two, four or six weeks, perhaps we should exercise our discretion in favor of the appellants; but the delay was of more than six months and we do not feel justified in taking that action.

Moreover, we have read the brief of the appellants in order to get an idea of the merits involved and in our opinion it does not present a question which at first sight appears illegal or unjust.

In the first place it contains only twelve typewritten pages and although it deals with interesting and well presented and considered questions of fact and of law, we need only to return to the transcript of the record to ascertain that all of the questions were raised and fully argued in the district court by the same attorneys who now appear for the appellee on appeal. Such being the case, we can not see the necessity even for the first extension asked for on June 6, 1927, for filing the brief.

It is simply a provisional measure granted in the action. The plaintiff moved for an attachment to secure the effectiveness of the judgment without security because the obligation appeared from an authenticated document, and the motion was granted by the court. The defendants moved to dissolve the attachment especially because it had been granted without security. The question was argued amply and the court sustained its ruling. The defendants then raised the present appeal. They admit in their brief that the documents on which the complaint is based are authentic, but insist that the obligation arising therefrom was not clearly exigible. They also allege that the attachment was void because it had

been levied on a dock and properties of public service and of The People of Porto Rico.

These being the facts of the case, it is necessary to recognize that the motion of the appellee is well founded and that as the appellants have not furnished the court with sufficient reasons to justify the exercise of its discretion, in accordance with the law, the rules and the jurisprudence, the aforesaid motion must be sustained and therefore the appeal is dismissed.